In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00071-CV


______________________________




IN THE MATTER OF THE MARRIAGE OF


DIANE CORTINA AND LEODEGARIO CORTINA

AND IN THE INTEREST OF


JESSICA ADRIANA CORTINA AND

JEANETTE ALYNA CORTINA, CHILDREN




 


On Appeal from the 247th Judicial District Court


Harris County, Texas


Trial Court No. 2000-57278




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 Leodegario Cortina has filed an appeal from a judgment of divorce, rendered on February 12,
2001, that ended his marriage to Diane Cortina. The Texas Supreme Court transferred the appeal
to this court from the First Court of Appeals as part of its docket equalization efforts. The clerk's
record in this case was filed on September 13, 2001. No reporter's record was requested. At the time
that the divorce was finalized, Leodegario Cortina was in prison and was not represented by counsel
in the divorce proceeding. 

 After the divorce was granted, he was released from custody. Beginning with letters from
this court mailed in May 2001, we have attempted to contact him without success through the
addresses provided to this court or shown by the records. 

 On October 25, 2001, we sent a letter to his last known address warning him that if he did
not take some affirmative action within fifteen days showing an intention to pursue his appeal, it
would be dismissed for want of prosecution. Tex. R. App. P. 42.3(b). Cortina has not contacted this
court since his appeal commenced and has made no effort to take the steps necessary to file a brief
on his own behalf.


 The appeal is dismissed. 




 Ben Z. Grant

 Justice


Date Submitted: December 12, 2001

Date Decided: December 12, 2001


Do Not Publish



"false" Priority="1" Name="Default Paragraph Font"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00097-CV

                                                ______________________________

 

 

                                    SANDRIA L. SHELDON,
Appellant

 

                                                                V.

 

           UNKNOWN NURSE/STAFF OF TRINITY MOTHER FRANCES 

HOSPITAL, TYLER, TEXAS,
Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 241st
Judicial District Court

                                                             Smith County, Texas

                                                   Trial Court No. 2008-0440-B/A/C

 

                                                                                                  


 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            After
Sandria L. Sheldon failed in three successive motions to have the trial judge
recused from presiding over her health care liability claim, that judge
dismissed her claim.  On appeal, Sheldon
challenges the three recusal denials and the dismissal.  We affirm the judgment of the trial court
because (1) denying Sheldons initial motion to recuse was not an abuse of
discretion, (2) Sheldon waived the right to complain concerning the subsequent
recusal motions, and (3) Sheldons failure to timely file an expert report
mandates dismissal.

            In February
2006, after an arrest for driving while intoxicated (DWI), Sheldon had been
escorted to Trinity Mother Frances Hospital (Trinity), so a blood sample could
be drawn.  Sheldon alleges that, once
there, she informed hospital medical personnel that she had just been injured
in a fight and that the officer who escorted her to the hospital had sexually
assaulted her on the way to the hospital. 
She also alleges that the nurse on duty asked the escorting officer if a
rape kit was needed and that he stuttered, No.  Sheldon says that she was not treated for her
injuries.  As a result, she filed, pro se,
a medical negligence claim against Trinity in February 2008.[1]  

            In July
2008, Sheldon filed her first motion to recuse the trial judge.  That motion was denied.  The trial court did not rule on Sheldons two
subsequent recusal motions and ultimately dismissed Sheldons lawsuit with
prejudice because she failed to file an expert report.

 

(1)        Denying Sheldons Initial Motion to
Recuse Was Not an Abuse of Discretion

 

            In her
initial recusal motion, Sheldon alleged that, because the trial judge was a
litigant in Sheldons brothers lawsuit, he had a conflict of interest.[2]  The trial court declined to recuse and
referred the matter to the Regional Presiding Judge of the First Administrative
Judicial Region.  The regional judge
denied the recusal motion, having determined that it failed to meet the
requirements of Rule 18a of the Texas Rules of Civil Procedure and was facially
insufficient to warrant a hearing.  

            The denial
of a motion to recuse is reviewed for an abuse of discretion.  Tex.
R. App. P. 18a(f); Barron v. State
Atty Gen., 108 S.W.3d 379, 382 (Tex. App.Tyler 2003, no pet.).  We, therefore, must determine whether the
trial court acted in an arbitrary or unreasonable manner without reference to
any guiding rules or principles.  Bowie Meml Hosp. v. Wright, 79 S.W.3d
48, 52 (Tex. 2002); Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238,
24142 (Tex. 1985).  We conclude that
there was no abuse of discretion in overruling the motion.

            A recusal
motion must be verified,[3]
Tex. R. Civ. P. 18a(a), or made
over the unsworn declaration of an inmate. 
Tex. Civ. Prac. & Rem. Code
Ann. § 132.001(a) (Vernon 2011).  Because Sheldon was (and is now) an inmate of
the Texas corrections system, she was entitled to use an unsworn declaration in
lieu of a verification.  But there are
still standards her unsworn declaration must have met.

            An unsworn
declaration must be written and state that it is subscribed by the person
making the declaration as true under penalty of perjury.  Tex.
Civ. Prac. & Rem. Code Ann. § 132.002 (Vernon 2011).  Section 132.003 sets out the form of the
declaration, but requires only substantial compliance with the prescribed form,
that is, I . . . declare under penalty of perjury that the foregoing is true
and correct.  Tex. Civ. Prac. & Rem. Code Ann. § 132.003 (Vernon 2011).  The only phrase the Legislature actually
requires to be included in such a declaration is under penalty of
perjury.  Bahm v. State, 219 S.W.3d 391, 394 (Tex. Crim. App. 2007).  Because Sheldons initial motion to recuse
contains neither a verification nor the phrase under penalty of perjury, the
motion was defective.  There was no abuse
of discretion in denying the motion.

(2)        Sheldon Waived the Right to Complain
Concerning the Subsequent Recusal Motions

 

            Sheldon
generally complains that, on several occasions since the lawsuit was filed in
2008 the appellant has submitted motions for Judge Skeen to recuse himself and
he did not.  After the initial recusal
motion was denied, Sheldon filed two additional recusal motions, neither of
which was ruled on by the trial court.[4]

            To recuse a
judge, a party must follow the procedure prescribed by Rule 18a of the Texas
Rules of Civil Procedure.  Carson v. Serrano, 96 S.W.3d 697, 698
(Tex. App.Texarkana 2003, pet. denied); Wirtz,
898 S.W.2d at 422.  According to Rule
18a, when the motion for recusal is filed, copies must be served on all other
parties or their counsel of record, together with a notice that the movant
expects the motion to be presented to the judge three days after the filing of
such motion unless otherwise ordered by the judge.  Tex. R.
Civ. P. 18a(b).  If a party fails
to follow this procedure, there is a waiver of the right to complain of a judges
failure to recuse.  Carson, 96 S.W.3d at 698. 
The record contains no evidence that Sheldon gave notice of expectancy
of presentment to the judge three days after filing or that the judge was
presented with the motion.  Because
Sheldon did not follow the procedure prescribed by Rule 18a, she has waived the
right to complain about the judges failure to recuse pursuant to her second
and third recusal motions.[5]  See
id.

(3)        Sheldons Failure to Timely File an
Expert Report Mandates Dismissal

 

            Sheldon also complains that the trial court dismissed
her lawsuit with prejudice for failure to file an expert report.  We are to review such a dismissal for an
abuse of discretion.  Kingwood Specialty Hosp., Ltd. v. Barley,
328 S.W.3d 611, 613 (Tex. App.Houston [14th Dist.] 2010, no pet.).  When deciding if a trial court abused its
discretion, we review de novo all issues of law based on statutory
interpretation.  CHCA W. Houston, L.P. v.
Priester, 324 S.W.3d 835, 838 (Tex. App.Houston [14th Dist.] 2010, no
pet.).

            Health
care liability claims are governed by the provisions of Chapter 74 of the Texas
Civil Practice and Remedies Code.  A health
care liability claim is

a cause of action against a health care provider
or physician for treatment, lack of
treatment, or other claimed departure from accepted standards of medical
care, or health care, or safety or professional or administrative services
directly related to health care, which proximately results in injury to or
death of a claimant, whether the claimants claim or cause of action sounds in
tort or contract.

 

Tex. Civ. Prac. &
Rem. Code Ann. § 74.001(a)(13) (Vernon 2011) (emphasis added). 

 

            Sheldons
allegation of lack of treatment by unknown nurse/staff of Trinity is a health
care liability claim against a health care provider.[6]


            A health
care liability claimant must provide the defendant with an expert report within
120 days after filing the petition.  Tex. Civ. Prac. & Rem. Code Ann. §
74.351(a) (Vernon 2011).

In a health care liability claim, a claimant
shall, not later than the 120th day after the date the original petition was
filed, serve on each party or the partys attorney one or more expert reports,
with a curriculum vitae of each expert listed in the report for each physician
or health care provider against whom a liability claim is asserted.

 

Id.

 

            In
the present case, Sheldons health care liability claim is governed by the
expert report requirements of Section 74.351 of the Texas Civil Practice and
Remedies Code.  Absent an agreement among
the parties for an extension of time to serve a report, when a claimant fails
to meet the deadline, the trial court must dismiss the case with prejudice:

(b)        If,
as to a defendant physician or health care provider, an expert report has not
been served within the period specified by Subsection (a), the court, on the
motion of the affected physician or health care provider, shall, subject to Subsection (c),[7]
enter an order that:

 

                 (1)            awards
to the affected physician or health care provider reasonable attorneys fees
and costs of court incurred by the physician or health care provider; and

 

                 (2)            dismisses
the claim with respect to the physician or health care provider, with prejudice
to the refiling of the claim.

 

Tex. Civ. Prac. &
Rem. Code Ann. § 74.351(b) (Vernon 2011).

 

            Sheldon
candidly admits[8] in her brief
to this Court that she did not serve an expert report, alleging that such
report was unnecessary because the evidence of negligence speaks for
itself.  Sheldons allegation of res
ipsa loquitur was not presented to the trial court, and is therefore
waived.  See Tex. R. App. P. 33.1(a)
(1).  Even if Sheldon had presented this
argument to the trial court, she would nevertheless be required to file an
expert report.[9]  An allegation of res ipsa loquitur does not
relieve a party of the responsibility to file an expert report under Chapter 74
of the Texas Civil Practice and Remedies Code. 
Bogar v. Esparza, 257 S.W.3d
354, 369 (Tex. App.Austin 2008, no pet.).

            Because
Sheldon did not timely file an expert report, the trial court had no discretion
to refuse to dismiss her action.

            We affirm
the judgment of the trial court.

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          May
17, 2011

Date Decided:             May
18, 2011

 

 

 











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Govt Code Ann.
§ 73.001 (Vernon 2005).  We are unaware
of any conflict between precedent of the Twelfth Court of Appeals and that of
this Court on any relevant issue.  See Tex.
R. App. P. 41.3.





[2]Before
the filing of the recusal motions at issue here, Sheldons case was transferred
from the 114th Judicial District Court of Smith County to the 7th Judicial
District Court of Smith County in March 2008, pursuant to a standing order of
the presiding judge of the first administrative region.  In June 2008, the case was transferred from
the 7th Judicial District Court of Smith County to the 241st Judicial District
Court of Smith County on Sheldons motion. 

  





[3]Because
an unsworn motion to recuse is defective on its face, it is not an abuse of
discretion to summarily deny such a motion. 
See Pena v. Pena, 986 S.W.2d
696, 701 (Tex. App.Corpus Christi 1998, pet. denied); Wirtz v. Mass. Mut. Life Ins. Co., 898 S.W.2d 414, 42223 (Tex.
App.Amarillo 1995, no writ).





[4]Sheldon
filed a second motion to recuse the trial judge in March 2010, complaining that
the trial judge had been the Smith County District Attorney and had, four
times, prosecuted Sheldon for DWI.  This
second motion was appropriately verified. 
In July 2010, Sheldon filed her third motion to recuse the trial judge;
this asserted the reasons set forth in the previous motion.  The third motion was unverified.





[5]Pro
se litigants are not exempt from the Texas Rules of Civil Procedure.  Pena v.
McDowell, 201 S.W.3d 665, 667 (Tex. 2006).

 





[6]A
health care provider includes any person, partnership, professional
association, corporation, facility, or institution duly licensed, certified,
registered, or chartered by the State of Texas to provide health care,
including registered nurses and employees of a health care provider acting in
the course and scope of their employment. 
Tex. Civ. Prac. & Rem. Code
Ann. § 74.001(12)(A), (B)(ii) (Vernon 2011).





[7]Subsection
(c) provides for one thirty-day extension in order to cure a deficiency in a
timely filed report.  Tex. Civ. Prac. & Rem. Code Ann. §
74.351(c) (Vernon 2011); Thoyakulathu v.
Brennan, 192 S.W.3d 849, 853 (Tex. App.Texarkana 2006, no pet.).

 





[8]The
record contains nothing contradicting Sheldons admission.

 





[9]Sheldons
original petition was filed February 18, 2008, making the expert report due no
later than 120 days thereafter.